## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 4:17-CR-006-HLM-WEJ |
| JAIME ADAM RIANO, | : | |
| | : | |
| Defendant. | : | |

## MOTION TO SUPPRESS STATEMENTS

COMES NOW, the Defendant in the above-styled action and file this Motion to Suppress Statements and in support thereof shows the court the following:

1.

That on the 24th day of January 2017 government law enforcement agents knocked on the door of the Defendant's home located at 125 Ola Lane, Dalton, Georgia and identified themselves.

2.

That the agents initially spoke with the Defendant's mother and asked to speak with the Defendant.

1

3.

That the Defendant's mother asked agents if the Defendant needed a lawyer and the agents responded that they would like to speak with the Defendant as a "witness," when in fact they knew that they wished to question him as a "suspect."

4.

That the agents informed the Defendant's mother that they "needed him to be cooperative and he has the potential to be very helpful to us."

5.

That the Defendant's mother was reluctant to allow the Defendant to speak with them without a lawyer due to what she termed as his diminished capacity that resulted from brain trauma as a child and communicated the same to the agents.

6.

That the cognitive impairments of the Defendant are obvious, particularly to the professional observer.

7.

That despite the admonition of the Defendant's mother and the obvious signs of diminished capacity, the agents insisted upon interrogating the Defendant.

8.

The agents created an environment wherein the Defendant was in government custody.

9.

That the Defendant was placed into custody without probable cause and without a warrant.

10.

That the agents did not advise the Defendant of his Miranda warnings prior to questioning.

11.

That if a waiver was signed by the Defendant the same was obtained by deception and/or artifice, under duress and was not freely and voluntarily given nor was it an informed waiver.

12.

The statement or statements were obtained in violation of Defendant's privilege against self-incrimination and Defendant's right to counsel, as guaranteed by the United States Constitution pursuant to the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

13.

In order to use any statements made by Mr. Riano the Government must prove that the Defendant was in lawful custody and that the statements were made voluntarily, see Jackson v. Denno, 378 U.S. 368, 376-377 (1964), and not in violation of Miranda v. Arizona, 384 U.S. 436, 468-69 (1966).

WHEREFORE, in the event that Mr. Riano made any statement(s), he respectfully requests that this Court conduct a pre-trial evidentiary hearing, allow time for counsel to file a brief in support of the motion, and thereafter grant the motion to suppress the statements.

This 5th   day of May 2017.

Respectfully submitted,

/s/Akil K. Secret
Akil K. Secret
Attorney for Defendant
Georgia Bar No.  634075

**THE SECRET FIRM, PC**
44 Broad Street, NW
Suite 507
Atlanta, GA 30303
Telephone:(404) 524-5300
Facsimile:(404) 524-5306
asecret@thesecretfirm.com

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing **MOTION TO SUPPRESS STATEMENTS** with the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

Deshene Cooper, AUSA
Suzette Smikle, AUSA
United States Attorney's Office
600 Richard B. Russell Building
75 Ted Turner Drive SW
Atlanta, GA 30303
dashene.cooper@usdoj.gov
suzette.smikle@usdoj.gov

This 5th day of May 2017.

Respectfully submitted,

<u>/s/Akil K. Secret</u>
Akil K. Secret
Attorney for Defendant
Georgia Bar No.  634075

**THE SECRET FIRM, PC**
44 Broad Street, NW
Suite 507
Atlanta, GA 30303
Telephone:(404) 524-5300
Facsimile:(404) 524-5306
asecret@thesecretfirm.com