# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION
CRIMINAL NO. 4:17-CR-006-HLM-WEJ

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant JAIME ADAM RIANO, enter into this plea agreement as set forth below in Part IV pursuant to Rule 11 (c)(1)(B) of the Federal Rules of Criminal Procedure. Jaime Adam Riano, Defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads GUILTY to Counts 6 and 8.

## I.  ADMISSION OF GUILT

1. The Defendant admits that he is pleading guilty because he is in fact guilty of the crimes charged in Counts 6 and 8, specifically violations of Title 18, United States Code, Sections 1591(a) and (b)(2), and Section 2.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2. The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury.  At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings.  During the trial, the Defendant would be presumed innocent and the Government would have the burden of

proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

3. The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

4. By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5. The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

6. Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if

untruthful, may later be used against him in a prosecution for perjury or false statements.

### III.   ACKNOWLEDGMENT OF PENALTIES

7. The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

**As to Count 6: 18 U.S.C. §§ 1591(a) and (b)(2), and § 2.**

   a.  Maximum term of imprisonment: Life.

   b.  Mandatory minimum term of imprisonment: 10 years.

   c.  Term of supervised release: 5 years up to life.

   d.  Maximum fine: $250,000.00, due and payable immediately.

   e.  Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

   f.  Mandatory special assessment:  $100 plus $5,000.00, due and payable immediately, unless the court determines that the Defendant is indigent.

   g.  Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

**As to Count 8: 18 U.S.C. §§ 1591(a) and (b)(2), and § 2**

   a.  Maximum term of imprisonment: Life.

   b.  Mandatory minimum term of imprisonment: 10 years.

3

   c.  Term of supervised release: 5 years to life.

   d.  Maximum fine: $250,000.00, due and payable immediately.

   e.  Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

   f.  Mandatory special assessment:  $100.00.

   h.  Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

8. The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict his exact sentence at this time.

9. SEX OFFENDER REGISTRATION:  The Defendant understands that, by pleading guilty, he will be required to register as a sex offender in accordance with the relevant statutes of the State of Georgia, including OCGA § 42-1-12, and the federal provisions, including 42 U.S.C. § 16913. He shall register with the state offender registration agency in any state where he resides, is employed, works, or is a student and upon his release from prison as a condition of

4

supervised release pursuant to 18 U.S.C. § 3583(d). He shall initially register with the state sex offender registration agency in the State of Georgia, and shall also register with the state sex offender registration agency in any state where he resides, is employed, works, or is a student, as directed by the Probation Officer. The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to register and update his registration information under 42 U.S.C. § 16913 and OCGA § 42-1-12(f). The Defendant shall provide proof of registration to the Probation Officer within 72 hours of his sentencing if he is not sentenced to a term of imprisonment, or, if he is sentenced to a term of imprisonment, within 72 hours of his release. The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

10. REMOVAL FROM THE UNITED STATES:  The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of

crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to this offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## IV.   PLEA AGREEMENT

11. The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

12.     The Government agrees that, upon the entry of the Judgment and Commitment Order, any and all remaining counts in the above-styled case still pending against Defendant shall be dismissed pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant

conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

## No Additional Charges

13. The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty.  The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

## Sentencing Guidelines Recommendations

14. Based upon the evidence currently known to the Government, the Government agrees to make the following recommendations and/or to enter into the following stipulations.

**Acceptance of Responsibility**

15. The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher.  However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements about Defendant's involvement, fail to pay the special

7

assessment, fail to meet any of the obligations set forth in the Financial

Cooperation Provisions set forth below, or participate in additional criminal

conduct, including unlawful personal use of a controlled substance, the

Government will not be required to recommend acceptance of responsibility.

### Right to Answer Questions, Correct Misstatements, and Make Recommendations

16. The parties reserve the right to inform the Court and the Probation Office

of all facts and circumstances regarding the Defendant and this case, and to

respond to any questions from the Court and the Probation Office and to any

misstatements of fact or law.  Except as expressly stated elsewhere in this Plea

Agreement, the parties also reserve the right to make recommendations

regarding application of the Sentencing Guidelines. The parties understand,

acknowledge, and agree that there are no agreements between the parties with

respect to any Sentencing Guidelines issues other than those specifically listed.

### Right to Modify Recommendations

17. With regard to the Government's recommendation as to any specific

application of the Sentencing Guidelines as set forth elsewhere in this Plea

Agreement, the Defendant understands and agrees that, should the Government

obtain or receive additional evidence concerning the facts underlying any such

recommendation, the Government will bring that evidence to the attention of the

Court and the Probation Office.  In addition, if the additional evidence is

sufficient to support a finding of a different application of the Guidelines, the

Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

### Cooperation

**General Requirements**

18. The Defendant agrees to cooperate truthfully and completely with the Government, including being debriefed and providing truthful testimony at any proceeding resulting from or related to Defendant's cooperation. Defendant agrees to so cooperate in any investigation or proceeding as requested by the Government. Defendant agrees that Defendant's cooperation shall include, but not be limited to:

    a. producing all records, whether written, recorded, electronic, or machine readable, in his actual or constructive possession, custody, or control, of evidentiary value or requested by attorneys and agents of the Government;

    b. making himself available for interviews, not at the expense of the Government if he is on bond, upon the request of attorneys and agents of the Government;

    c. responding fully and truthfully to all inquiries of the Government in connection with any investigation or proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18

9

U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503) and related offenses; and

d. when called upon to do so by the Government in connection with any investigation or proceeding, testifying in grand jury, trial, and other judicial proceedings, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), obstruction of justice (18 U.S.C. § 1503), and related offenses.

The Defendant understands that the Government alone will determine what forms of cooperation to request from the Defendant, and the Defendant agrees that Defendant will not engage in any investigation that is not specifically authorized by the Government.

**Section 1B1.8 Protection**

19. Pursuant to Section 1B1.8 of the Sentencing Guidelines, the Government agrees that any self-incriminating information that was previously unknown to the Government and is provided to the Government by the Defendant in connection with Defendant's cooperation and as a result of this Plea Agreement will not be used in determining the applicable sentencing guideline range, although such information may be disclosed to the Probation Office and the Court. The Government also agrees not to bring additional charges against the Defendant, with the exception of charges resulting from or related to violent

criminal activity, based on any information provided by the Defendant in connection with cooperation that was not known to the Government prior to the cooperation. However, if the Government determines that the Defendant has not been completely truthful and candid in his cooperation with the Government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and any other appropriate charge, and all information Defendant has provided may be used against Defendant in such a prosecution. Furthermore, should the Defendant withdraw his guilty plea in this case and proceed to trial, the Government is free to use any statements and/or other information provided by the Defendant, pursuant to the Defendant's cooperation, as well as any information derived therefrom, during any trial or other proceeding related to the Government's prosecution of the Defendant for the offense(s) charged in the above-numbered Counts 6 and 8.

**Conditional Section 5K/Rule 35 Motion**

20. The Government agrees to make the extent of the Defendant's cooperation known to the sentencing court. In addition, if the cooperation is completed before sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines, the Government will file a motion at sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed

11

after sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, the Government will file a motion for reduction of sentence. In either case, the Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the Government.  Good faith efforts by the Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. The Defendant also understands that, should the Government decide to file a motion pursuant to this paragraph, the Government may recommend any specific sentence, and the final decision as to what credit, if any, the Defendant should receive for Defendant's cooperation will be determined by the Court.  If the Defendant fails to cooperate truthfully and completely, or if the Defendant engages in additional criminal conduct or other conduct inconsistent with cooperation, Defendant will not be entitled to any consideration whatsoever pursuant to this paragraph.

<u>**Sentencing Recommendations**</u>

**Joint Sentence Recommendation**

21. The Parties agree that the Defendant and the Government shall recommend that the Court impose a total custodial sentence of 120 months of imprisonment as to Counts 6 and 8, to be served concurrently.

22. The Parties agree that if the Government files a motion for downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines because Defendant's cooperation qualifies as "substantial assistance," the Court would be authorized but not required, pursuant to Title 18, United States Code, Section 3553(e), to sentence Defendant below the mandatory minimum sentence.

**Fine--No Recommendation As To Amount**

23. The Government agrees to make no specific recommendation as to the amount of the fine to be imposed on the Defendant within the applicable guideline range.

**Restitution**

24. The Defendant agrees to pay full restitution to the Clerk of Court for distribution to all victims of the offense(s) to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement.  The Defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing.  The Defendant also agrees to cooperate fully in the investigation of the amount of restitution, the identification of victims, and the recovery of restitution for victims.

**Forfeiture**

25. The Defendant agrees  to the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to the violations to which

13

the defendant is pleading guilty as required by 18 U.S.C. § 1594(d) and (e).
Forfeiture may include a money judgment for an amount of money representing
the illegal proceeds obtained by the Defendant from the illegal activity.

26. The Defendant waives and abandons his interest in any property that may
have been seized in connection with this case. The Defendant agrees to the
administrative or judicial forfeiture or the abandonment of any seized property.

27. The Defendant agrees to hold the United States and its agents and
employees harmless from any claims made in connection with the seizure,
forfeiture, or disposal of property connected to this case. The Defendant
acknowledges that the United States will dispose of any seized property, and
that such disposal may include, but is not limited to, the sale, release, or
destruction of any seized property. The Defendant agrees to waive any and all
constitutional, statutory, and equitable challenges in any manner (including
direct appeal, a Section 2255 petition, habeas corpus, or any other means) to the
seizure, forfeiture, and disposal of any property seized in this case on any
grounds.

## Financial Cooperation Provisions

### Special Assessment

28. The Defendant agrees that he will pay a special assessment in the amount
of $5,200.00 (which includes the $5,000.00 special assessment under 18 U.S.C. §
3014, unless the Court determines that Defendant is indigent) by money order or
certified check made payable to the Clerk of Court, U.S. District Court, 600 East

First Street, Rome, Georgia 30161, on the day of sentencing. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney upon payment thereof.

**Fine/Restitution - Terms of Payment**

29. The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate. Finally, the Defendant and his counsel agree that the Government may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

15

**Financial Disclosure**

30. The Defendant agrees that Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $500 before sentencing, without the prior approval of the Government. The Defendant understands and agrees that Defendant's failure to comply with this provision of the Plea Agreement should result in Defendant receiving no credit for acceptance of responsibility.

31. The Defendant agrees to cooperate fully in the investigation of the amount of restitution and fine; the identification of funds and assets in which he has any legal or equitable interest to be applied toward restitution and/or fine; and the prompt payment of restitution or a fine.

32. The Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addenda to said form deemed necessary by the Government, within ten days of the change of plea hearing; (B) submitting to a financial deposition or interview (should the Government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within his possession or control requested by the Government regarding his financial condition and that of his household; and (D) fully and truthfully answering all questions regarding his past and present financial condition and that of his household in such interview(s); and (E) providing a waiver of his

16

privacy protections to permit the Government to access his credit report and tax information held by the Internal Revenue Service.

33. So long as the Defendant is completely truthful, the Government agrees that anything related by the Defendant during his financial interview or deposition or in the financial forms described above cannot and will not be used against him in the Government's criminal prosecution. However, the Government may use the Defendant's statements to identify and to execute upon assets to be applied to the fine and/or restitution in this case. Further, the Government is completely free to pursue any and all investigative leads derived in any way from the interview(s)/deposition(s)/financial forms, which could result in the acquisition of evidence admissible against the Defendant in subsequent proceedings. If the Defendant subsequently takes a position in any legal proceeding that is inconsistent with the interview(s)/deposition(s)/ financial forms–whether in pleadings, oral argument, witness testimony, documentary evidence, questioning of witnesses, or any other manner–the Government may use the Defendant's interview(s)/deposition(s)/ financial forms, and all evidence obtained directly or indirectly therefrom, in any responsive pleading and argument and for cross-examination, impeachment, or rebuttal evidence. Further, the Government may also use the Defendant's interview(s)/deposition(s)/financial forms to respond to arguments made or issues raised sua sponte by the Magistrate or District Court.

## Recommendations/Stipulations Non-binding

34. The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

## Limited Waiver of Appeal

35. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the district court. Claims that Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

36. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

**Waiver of Right to Challenge Prior Convictions**

37. In consideration of the benefits received by Defendant under the terms of this Plea Agreement, Defendant agrees that he will not challenge, either directly or collaterally, in any manner, any prior sentence and/or conviction in any court. Defendant further agrees that, in the event that a prior sentence or conviction is vacated, this event will not serve as the basis for a reduced sentence in any collateral attack on the sentence in this case.

## No Other Agreements

38. There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this _17th_ day of _November_, _2017_.

_K W Sh.L_
SIGNATURE (Attorney for Defendant)
Kenneth W. Sheppard

_[signature]_
SIGNATURE (Defendant)
Jaime Adam Riano

_[signature]_
SIGNATURE (Assistant United States Attorney)
Suzette A. Smikle

_[signature]_
SIGNATURE (Assistant United States Attorney)
Dashene A. Cooper

_[signature]_
SIGNATURE (Approving Official)
Richard S. Moultrie, Jr.

I have read the Indictment against me and have discussed it with my attorney.  I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial.  I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney.  I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them.  I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding.  No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.  The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission.  I am fully satisfied with the representation provided to me by my attorney in this case.

_____         November 17, 2017
SIGNATURE (Defendant)                                      DATE
Jaime Adam Riano

I am Jaime Adam Riano's lawyer.  I have carefully reviewed the charges and the Plea Agreement with my client.  To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

K W Sh L

_____
SIGNATURE (Defense Attorney)
Kenneth W. Sheppard

Date. November 17, 2017

_____
DATE

Jaime Adam Riano

Kenneth W. Sheppard
2182 Jane Court
Smyrna, GA 30080
(770) 803-5105

641958 State Bar of Georgia Number

Filed in Open Court

This ___ day of _____, 20___

FILED IN OPEN COURT
11-17-17
James N. Hatten, Clerk

By _____   By: _____

Deputy Clerk

22

U. S. DEPARTMENT OF JUSTICE

Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 4:17-CR-006-HLM-WEJ |
| DEFENDANT'S NAME: | JAIME ADAM RIANO |
| PAY THIS AMOUNT: | $5,200 |

Instructions:

1. Payment must be made by **certified check** or **money order** payable to:

   Clerk of court, U.S. District Court

   **\*personal checks will not be accepted\***

2. Payment must reach the clerk's office within 30 days of the entry of your guilty plea

3. Payment should be sent or hand delivered to:

   Clerk, U.S. District Court

   600 East First Street

   Rome, Georgia  30161

   (Do Not Send Cash)

4. Include defendant's name on **certified check** or **money order.**

5. Enclose this coupon to insure proper and prompt application of payment.

6. Provide proof of payment to the above-signed AUSA within 30 days of the guilty plea.